**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------- x
KEVIN MARTIN,
                Plaintiff,

      -against-

COMMISIONER OF SOCIAL SECURITY,

                Defendant.

------------------------------------- x

**MEMORANDUM DECISION AND ORDER**

19 Civ. 5430 (GBD) (OTW)

GEORGE B. DANIELS, United States District Judge:

*Pro se* Plaintiff Kevin Martin brought this action pursuant to the Social Security Act, 42 U.S.C. 405(g), for review of the Commissioner of Social Security's decision to lower his Supplemental Security Income ("SSI"). (Compl., ECF No. 2.) On October 15, 2019, the Commissioner moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for Plaintiff's failure to obtain a final agency decision. (Comm'r Mot. to Dismiss, ECF No. 18.) Before this Court is Magistrate Judge Ona T. Wang's April 6, 2021 Report and Recommendation, ("Report," ECF No. 28), recommending that Commissioner's motion be granted. (Report at 1.) The Commissioner subsequently filed a letter informing the Court of a Second Circuit Summary Order issued on October 26, 2021, *Dunn v. Comm'r of Soc. Sec.*, 832 F. App'x 62, 63 (2d Cir. 2020), holding that dismissal for lack of a final agency decision falls under Federal Civil Rue of Procedure 12(b)(6). (Comm'r Ltr, ECF No. 29.) Plaintiff filed objections to the Report reiterating the same arguments he made in his opposition to the motion to dismiss. (Pl.'s Objs., ECF No. 33.) After reviewing the Report for clear error and finding none, this Court ADOPTS the Report's recommendation that the case be dismissed, but does so pursuant to Rule 12(b)(6) in accordance with Second Circuit precedent.

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citation omitted). The clear error standard also applies if a party's "objections are improper—because they are 'conclusory,' 'general,' or 'simply rehash or reiterate the original briefs to the magistrate judge.'" *Stone v. Comm'r of Soc. Sec.*, No. 17 Civ. 569 (RJS), 2018 WL 1581993, at *3 (S.D.N.Y. Mar. 27, 2018) (citation omitted). Clear error is present when "upon review of the entire record, [the court is] 'left with the definite and firm conviction that a mistake has been committed.'" *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

Magistrate Jude Wang did not commit a clear error when she found that Plaintiff had failed to obtain a final decision of the Social Security Commissioner. (*See* Report at 4.) The Social Security regulations provide that a final determination requires a claimant to obtain (1) an initial determination; (2) a request for reconsideration; (3) a decision by an administrative law judge after a hearing; *and* (4) a request for review by the agency Appeals Council. *See* 20 C.F.R. § 416.1400(a)(1)-(4). Here, Plaintiff only received an initial determination and "Plaintiff has not pleaded a decision by an ALJ nor review by the Appeals Council." (Report at 4.) It is well settled that "before any person may bring an action in federal court regarding a decision about Social Security benefits, he must exhaust administrative remedies by securing a final decision from the Commissioner of Social Security." *Louis v. Comm'r of Soc. Sec.*, 2010 WL 743939, at *2 (S.D.N.Y. Mar. 2, 2010). While there are exceptions to the rule requiring claimants to have a final decision from the Commissioner, none are applicable here. (*See* Report at 5.) Thus, Plaintiff has failed to meet his burden that he has a claim under the Social Security Act.

However, Magistrate Judge Wang, in reliance on the Commissioner's motion, recommended that this case be dismissed pursuant to Rule 12(b)(1). Instead, this case is dismissed pursuant to Rule12(b)(6). It is true that "[a] case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). However, after the Commissioner filed its motion, the Second Circuit held that dismissal for failure to receive a final decision falls under Rule12(b)(6), because "the failure to obtain a final decision is a waivable – and thus non-jurisdictional – requirement under 42 U.S.C. § 405(g)." *Dunn*, 832 F. App'x at 63. Therefore, given Plaintiff's failure to obtain a final decision, this case is dismissed pursuant to Rule12(b)(6).

In summary, Magistrate Judge Wang's Report and Recommendation is ADOPTED to the extent it dismisses the Complaint. The Commissioner's motion to dismiss is GRANTED. The Complaint, however, is dismissed pursuant to Rule 12(b)(6) and not Rule 12(b)(1). The Clerk of Court is directed to terminate the motion, (ECF No. 18), and close the case.

Dated: New York, New York
      September 29, 2022

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge